# REED & REED vs. HARRINGTON.

Where no part of the evidence given on the trial of a cause is excepted to, and no instructions are asked, the supreme court will not disturb a verdict found by the court sitting as a jury, if the evidence warrants it.

ERROR TO JACKSON CIRCUIT COURT.

STATEMENT OF THE CASE.

This was an action by petition in debt founded upon a bond, brought by Harrington against James and John Reed, to the September term of the Jackson circuit court, A. D. 1847.

The defendants below pleaded the general issue, and fil ed their petition for discovery, charging usury and part payment of the bond. The plaintiff below answered their petition, denying all the allegations in the bill, and the facts were submitted to the court. The only evidence introduced was the bond and the answer to the petition for discovery. No instructions were asked on either side, and the court found for plaintiff below the sum of $158 debt and $ 152 27 interest. The defendant s below moved for a new trial; the motion was overruled, and the defendants excepted, and have brought the case to this court by writ of error.

HAYDEN & ENGLISH for plaintiffs in error.

1. The court erred in overruling the motion for a new trial.
2. The judgment is not a legal and sufficient judgment.
First That the court erred in overruling the motion for a new trial.
Because the verdict of the court, sitting as a jury, was against the evidence ; and the evidence did not warrant the finding of the court.
Second. That the judgment is not a legal and sufficient judgment.
Because the judgment does not specify or contain the amount for which the judgment is rendered.

HOVEY for defendant in error.

The court below committed no error in overruling the motion for a new trial, because the evidence warranted the finding, not only, but warranted a larger verdict than was found.

RYLAND, Judge, delivered the opinion of the court.

The evidence in this case was submitted to the court below sitting as a jury. There was no exception taken to any evidence. No instructions asked for as to the law governing the case. All the evidence offered, consisted of the bond given by plaintiffs in error to the defendant in error, and the bill of discovery filed by plaintiffs in error and the defendant's answer thereto.

We cannot see any cause the plaintiffs in error have to complain of the action of the court below. That court was fully authorised, from the evidence before it, to find the facts, as it did, in favor of plaintiff below.

There is no error appearing to us on the record requiring our interposition ; no legal principle requiring our opinion ; no particular fact complained of as error.

Let the judgment be affirmed.